UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MUSTAFA GHULAMI,

                    Petitioner,                         Case No. 1:26-cv-2035

v.                                                      Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                    Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.33.) In an Order entered on July 21, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on June 24, 2026. (Resp., ECF No. 5). Petitioner filed a reply on July 30, 2026. (ECF No. 6.)

## II.      Factual Background

Petitioner is a native of Iran and citizen of Afghanistan, who was admitted to the United States on May 24, 2017, as a refugee. (McClure Decl. ¶ 4, ECF No. 5-1, PageID.241.) On August 7, 2017, Petitioner was convicted of aggravated assault, in violation of Mich. Comp. Laws § 750.81a and sentenced to 38 days confinement. (2025 Form I-213, ECF No. 5-2, PageID.247.) On May 22, 2019, USCIS adjusted Petitioner's status to lawful permanent resident. (McClure Decl. ¶ 6, ECF No. 5-1, PageID.241.)

On December 26, 2019, Petitioner was convicted of operating intoxicated with a high blood alcohol concentration and malicious destruction of personal property, in violation of Mich. Comp. Laws § 750.377a(1)(c)(1) and sentenced to 1 day confinement and 12 months of probation. (2025 Form I-213, ECF No. 5-2, PageID.247.)

On November 10, 2025, the Department of Homeland Security (DHS) issued Petitioner a Notice to Appear (NTA), charging Petitioner as removable under section 237(a)(2)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner was "convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed" and section 237(a)(2)(A)(ii) of the INA because Petitioner was "convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct." (Notice to Appear (NTA), ECF No. 5-5, PageID.257.)

ICE agents arrested Petitioner on February 12, 2026. (2026 Form I-213, ECF No. 5-2, PageID.246.)

On April 27, 2026, the Detroit Immigration Court denied Petitioner's motion to terminate the removal proceedings, finding that Petitioner is removable under Sections 237(a)(2)(A)(i) and 237(a)(2)(A)(ii) of the INA. (Apr. 27, 2026, Immigration Judge Order, ECF No. 5-6, PageID.262.) The Detroit Immigration Court also denied Petitioner's motion to reconsider the April 27, 2026,

2

decision, again finding that aggravated assault under Mich. Comp. Laws § 750.81a and malicious destruction of personal property, in violation of Mich. Comp. Laws § 750.377a(1)(c)(1) are crimes involving moral turpitude. (Jun. 2, 2026, Immigration Judge Order, ECF No. 1-12, ECF No. 192–195.)

Petitioner requested a custody redetermination; and on July 7, 2026, the Detroit Immigration Court denied Petitioner's request, finding that Petitioner is subject to "[m]andatory detention" under § 1226(c) due to his prior convictions involving moral turpitude and, alternatively, because Petitioner "has failed to show he is not a danger." (July 7, 2026, Immigration Judge Order, ECF No. 5-8, PageID.269; Recording of Jul 7, 2026, Bond Hearing, filed on Jul. 24, 2026.) Petitioner's individual hearing is scheduled for August 11, 2026. (McClure Decl. ¶ 11, ECF No. 5-1, PageID.243.)

### III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Discussion

Section 1226(c) of Title 8 requires the government to detain certain individuals who have been taken into custody based on specified criminal conduct. *See* 8 U.S.C. § 1226(c). More specifically, 8 U.S.C. § 1226(c)(1)(B) directs that officials keep in custody any noncitizen who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii) . . . of

this title." Offenses covered by 8 U.S.C. § 1227(a)(2)(A)(ii) include "two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct." 8 U.S.C. § 1227(a)(2)(A)(ii). If a noncitizen satisfies the requirements of § 1226(c), then that noncitizen may only be released if the release is necessary for certain purposes related to witness protection and cooperation with law enforcement. 8 U.S.C. § 1226(c)(4).

Here, DHS charged Petitioner as removable under section 237(a)(2)(A)(i) of the INA because Petitioner was "convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed" and under section 237(a)(2)(A)(ii) of the INA because Petitioner was "convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct." (NTA, ECF No. 515, PageID.257.) On April 27, 2026, the Detroit Immigration Court denied Petitioner's motion to terminate the removal proceedings, finding that Petitioner was removable as charged, concluding that the crimes of which Petitioner had been convicted—aggravated assault under Mich. Comp. Laws § 750.81a and malicious destruction of personal property, in violation of Mich. Comp. Laws § 750.377a(1)(c)(1)—are crimes involving moral turpitude. (Apr. 27, 2026, Immigration Judge Order, ECF No. 5-6, PageID.262; June 2, 2026, Immigration Judge Order, ECF No. 1-12, ECF No. 192–195.) Thereafter, at a custody redetermination hearing held on July 7, 2026, the Immigration Judge denied Petitioner's request for bond, concluding that Petitioner is subject to "[m]andatory detention" under § 1226(c) due to his prior convictions involving moral turpitude and, alternatively, because Petitioner "has failed to show he is not a danger." (Jul. 7, 2026, Immigration Judge Order, ECF No. 5-8, PageID.269; Recording of Jul 7, 2026, Bond Hearing, filed on Jul. 24, 2026.)

In the present action, Petitioner argues that the Immigration Judge erred in concluding that Petitioner's conviction for aggravated assault under Mich. Comp. Laws § 750.81a qualifies as a crime involving moral turpitude, and therefore, Petitioner is not subject to mandatory detention under § 1226(c). (Pet., ECF No. 1, PageID.13–23.)

If a noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner's specific claims involve challenges to the Immigration Judge's interpretation of BIA precedent and Michigan state law. Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first

be raised to the BIA. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

Accordingly, the Court will dismiss the petition for writ of habeas corpus without prejudice.[1]

## **Conclusion**

For the reasons discussed above, the Court will enter a Judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      August 5, 2026                          /s/ Jane M. Beckering
                                                    Jane M. Beckering
                                                    United States District Judge

---

[1] Should circumstances change such that mandatory detention is no longer required under the statute or should the detention become so prolonged that it raises constitutional concerns, Petitioner remains free to file a new § 2241 petition.